# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LAMON TANEAL HEMINGWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-0050 JMB |
| | ) | |
| LUCAS LYERLA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Lamon Taneal Hemingway (registration no.1101853), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, an inmate at SECC, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Named as defendants are: Lucas Lyerla; Brandon McSpadden; Jason Pritchett; Unknown Edging; Marc Berry; Unknown Crass; Unknown Mann; Unknown Russell; Unknown Hopkins; Unknown McIntosh; Unknown Ash; Wesley Fluharty; Corey Sisk; Unknown Ward; Unknown Clark; Jesse May; William Petty; and Timothy Seabaugh. Plaintiff

claims that defendants are Correctional Officers at SECC, employed by the Missouri Department of Corrections. Plaintiff sues defendants in both their individual and official capacities.

Plaintiff asserts that from Friday, December 30, 2016 until Friday, January 6, 2017, he was denied toilet paper by all of the listed correctional officer defendants. He states that he "had to defecate by squatting in his cell over a Chinese toilet with mounds of feces on the top of the toilet with no way of pushing feces through the bars over the toilet in the floor of the cell." Plaintiff states that he was in a "rubber room," or on "suicide watch," during this time period. However, he does not believe there was a necessity for taking toilet paper away from him during this mental health watch.

Plaintiff claims that he was forced to use his own clothing as toilet paper over the course of the eight day period, and he asserts that waste piled up in his cell over the week, where he was forced to eat, take his meals and sleep. Plaintiff alleges that he was unable to stay sanitary, and he states that he developed rashes and ill health as a result of the poor conditions. Plaintiff states that he specifically asked defendant Brandon McSpadden for toilet paper but that defendant McSpadden refused to honor his request. Plaintiff was told he was being denied toilet paper as the toilet paper was part of his personal property. Plaintiff does not claim that he specifically asked any other defendant for toilet paper.

Plaintiff seeks monetary damages and injunctive relief.

## Discussion

The only individual defendant identified by plaintiff as having actually denied plaintiff toilet paper is defendant McSpadden. The Court will issue process on plaintiff's claim of an Eighth Amendment violation relating to defendant McSpadden in his individual capacity only. Plaintiff's claims against defendant McSpadden in his official capacity are subject to dismissal. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff's claims, however, against the other named defendants in this action are too conclusory to be actionable as plaintiff has not made any direct claims against these defendants. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

The only defendant plaintiff has named in his complaint as having been asked for toilet paper and who failed to provide defendant with toilet paper was defendant McSpadden. Therefore, the only individual who has been alleged, at this time, to have violated plaintiff's conditions of confinement over an eight-day time period is defendant McSpadden. The Court will therefore dismiss plaintiff's allegations against the other named defendants. *See also, Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Brandon McSpadden in his individual capacity. Defendant shall be served through the waiver agreement the Court maintains with the Missouri Attorney General's Office

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Brandon McSpadden shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Lucas Lyerla; Jason Pritchett; Unknown Edging; Marc Berry; Unknown Crass; Unknown Mann; Unknown Russell; Unknown Hopkins; Unknown McIntosh; Unknown Ash; Wesley Fluharty; Corey Sisk; Unknown Ward; Unknown Clark; Jesse May; William Petty; and Timothy Seabaugh because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to the official capacity claims against defendant Brandon McSpadden. These claims are subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of June, 2017.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE